Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------X

SEGUNDO CUMBICUS,
*individually and on behalf of*
*others similarly situated,*
Plaintiff,

v.

K&B CONTRACTORS LLC
(DBA NAJERA CONSTRUCTION),
GUSTAVO NAJERA and
BORCHE KRSTEV,

Defendants,

---------------------------------------------------------------X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

Plaintiff SEGUNDO CUMBICUS, individually and on behalf of others similarly situated, brings this action against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. 201 et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56 et seq. ("NJWHL"), the New Jersey Wage Theft Act, N.J.S.A. 34:11-4.7 et seq., and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and

Hour Law, *N.J.S.A.* §34:11-56 *et seq.* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. This Complaint seeks to recover unpaid overtime compensation for Plaintiff.

3. The Plaintiff is a former employee of Defendant K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), a New Jersey Corporation with headquarters at 515 Mountain Ave, North Plainfield, NJ 07062, and 5 Vetrone Dr, Woodland Park, NJ 07424, and its principal, Defendants GUSTAVO NAJERA and BORCHE KRSTEV, employed the Plaintiff as a Remodeler of school floors and ceilings, as well as painter for Defendants' business in New Jersey.

4. The plaintiff was paid $30 per hour from February 2024 until October 27, 2024. Despite working approximately ninety (90) hours per week, the plaintiff was not paid overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek. Based on a regular rate of $30 per hour, Plaintiff should have received $45 per hour for the fifty (50) overtime hours worked each week (90 total hours minus 40 regular hours). This results in unpaid overtime wages of approximately $2,250 per week [(50 overtime hours × $45) - (50 hours × $30 straight time already paid)], or approximately $81,000 over the approximately 36-week employment period (February 2024 to October 27, 2024). Additionally, Plaintiff was not provided with accurate wage statements as required by NJSA 34:11-4.7, and Defendants failed to maintain proper time records as mandated by the FLSA and NJWHL.

5. At all times relevant to this Complaint, Defendants willfully and intentionally maintained a policy and practice of requiring the Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with overtime

compensation at the rate of one and one-half times their regular rate of pay.

6. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

7. Defendants willfully and intentionally refused to record all of the time that Plaintiff and similarly situated individuals employed by the Corporate Defendant worked, including the work performed in excess of forty hours each week.

8. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and the NJWHL, *N.J.S.A.* §34:11-56 *et seq.*

9. The Plaintiff, in accordance with the FLSA, asserts his right to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages equal to the amount of unpaid wages pursuant to 29 U.S.C. 216(b), (3) alternatively, treble damages pursuant to the New Jersey Wage Theft Act, N.J.S.A. 34:11-4.7, in lieu of FLSA liquidated damages, (4) civil penalties of up to $250 for a first violation and up to $1,000 for each subsequent violation pursuant to N.J.S.A. 34:11-4.8, (5) prejudgment interest on the unpaid wages, calculated from the date each wage payment was due until the date of judgment, (6) post-judgment interest, and (7) reasonable attorneys' fees and costs, as provided by the FLSA and New Jersey law.

10. By reason of such willful violations Plaintiff asserts he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment,

and post-judgment interest; and/or (4) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiff

13. Plaintiff SEGUNDO CUMBICUS is and was at all times relevant hereto an individual residing in New Jersey.

14. Plaintiff SEGUNDO CUMBICUS was employed by Defendant K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION) at its business located at 515 Mountain Ave, North Plainfield, NJ 07062, and 5 Vetrone Dr, Woodland Park, NJ 07424, in the position of remodeler of school floors and ceilings, as well as painter from February 2025 until October 27, 2025. During the hiring process, CUMBICUS was interviewed and given a job offer by Defendants GUSTAVO NAJERA and BORCHE KRSTEV. As a remodeler of school floors and ceilings, as well as a painter, CUMBICUS followed a work schedule set by NAJERA and KRSTEV, received daily instructions from NAJERA and KRSTEV regarding his duties, and was subject to disciplinary actions taken by NAJERA and KRSTEV.

15. At all times relevant hereto, Plaintiff CUMBICUS was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

16. Defendant K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION) is a duly organized business corporation under the laws of the State of New Jersey, with a principal place of business at 515 Mountain Ave, North Plainfield, NJ 07062, and 5 Vetrone Dr, Woodland Park, NJ 07424, as per the available information and belief.

17. Upon information and belief, Defendant K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION) is engaged in interstate commerce and/or produces goods for interstate commerce, in that it relies heavily on products, materials, and supplies that have been transported across state lines, uses equipment manufactured outside New Jersey, and regularly performs work on projects involving interstate commerce. Additionally, upon information and belief, Defendant generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for each year relevant to Plaintiff's claims, thereby satisfying the enterprise coverage requirements under 29 U.S.C. 203(s)(1)(A)(ii). Alternatively, Plaintiff was individually engaged in interstate commerce within the meaning of 29 U.S.C. 207(a)(1), as he regularly used materials, tools, and equipment that moved in interstate commerce in the course of his employment. Alternatively, Plaintiff was individually engaged in interstate commerce within the meaning of 29 U.S.C. 207(a)(1), as he regularly used materials, tools, and equipment that moved in interstate commerce in the course of his employment.

18. Based on the available information and belief, Defendants GUSTAVO NAJERA and BORCHE KRSTEV serve as a principal and/or officer of Defendant K&B

CONTRACTORS LLC (DBA NAJERA CONSTRUCTION).

19. Upon information and belief, and at all times relevant to the claims herein, Defendants GUSTAVO NAJERA and BORCHE KRSTEV: were known as and referred to as “Boss” by Plaintiff and the other similarly situated employees of Defendant K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION); (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, which can be substantiated by pay stubs, corporate documents, Plaintiff's bank records reflecting wages from Defendants, or other employment records; (iii) established work schedules and workload of the employees; and (iv) maintained employee records, and had the authority to hire and fire employees

20. Defendants GUSTAVO NAJERA and BORCHE KRSTEV willfully hired Plaintiff, determined his work assignments, workload, and schedule, and calculated his pay, rate of pay, and hours worked.

21. Defendants GUSTAVO NAJERA and BORCHE KRSTEV acted intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings this action individuall other current and former non-exempt remodelers, painters, construction workers, and other similarly situated employees who have been or were employed by the Defendants at any time during the three (3) years preceding the filing of this complaint through the entry of judgment in this case (the “Collective Action Period"), provided that the statute of limitations may be extended to

include claims from employees whose claims would otherwise be time-barred if the Court finds that Defendants' violations were willful, thereby extending the limitations period to three years under 29 U.S.C. 255(a), provided that the statute of limitations may be extended to include claims from employees whose claims would otherwise be time-barred if the Court finds that Defendants' violations were willful, thereby extending the limitations period to three years under 29 U.S.C. 255(a). These individuals, referred to as the "Collective Action Members", have not been compensated appropriately. This is due to the willful actions of the defendants, who failed to pay at least the overtime compensation for all hours worked in excess of forty (40) hours per week.

23. With respect to his NJWHL and New Jersey Wage Theft Act claims, Plaintiff asserts the same pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period"). The six-year statute of limitations is based on N.J.S.A. 2A:14-1, which provides a six-year limitations period for actions upon contracts or liabilities, express or implied. The six-year statute of limitations is based on N.J.S.A. 2A:14-1, which provides a six-year limitations period for actions upon contracts or liabilities, express or implied.

24. All said persons, including the plaintiff, are referred to herein as the "Class."

25. The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by

means permissible under the F.R.C.P..

***Numerosity***

26. The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, based on the size and scope of Defendants' operations and the number of employees Plaintiff observed during his employment, there are more than forty (40) members of the class.

***Commonality***

27. There are questions of law and fact common to the Class which dominates over any questions affecting only individual class members, including:

a. Whether Defendant employed the Plaintiff and the Class within the meaning of the NJWHL;

b. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

c. At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

***Typicality***

28. The claims raised by the plaintiff are representative of the issues faced by all class members, and the relief sought by the plaintiff mirrors what other class members would seek in individual actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly,

and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases.

***Superiority***

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The

prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32. Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**COMMON FACTUAL ALLEGATIONS**

Defendants Constitute Joint Employers

33. Defendants owned and operated K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), a corporate entity principally engaged in the remodeling and construction services industry. At all relevant times, Defendants K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), GUSTAVO NAJERA, and BORCHE KRSTEV possessed operational control over Defendant Corporation, possessed an ownership

interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

34. As a part of their regular business practices, the Defendants have intentionally, willfully, and repeatedly violated the FLSA and New Jersey wage laws, harming the Plaintiff and other class members through a consistent pattern or policy of these violations. Defendants knew or showed reckless disregard for whether their conduct violated the FLSA and New Jersey law. This pattern and/or policy includes, inter alia, the following:

a. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week

b. failing to keep accurate records of hours worked by employees as required by the FLSA and NJWHL.

35. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation, as evidenced by their systematic failure to pay overtime wages to plaintiff and other similarly situated employees, their failure to maintain accurate time records as required by law, and their uniform practice of paying straight time for all hours worked regardless of whether employees worked over 40 hours per week. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the other class members.

36. Defendant K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), under Defendants GUSTAVO NAJERA and BORCHE KRSTEV's direct supervision and authority, acted in line with the Defendants' interests. This included determining the rate and method of employee compensation and exercising joint control over their employees.

37. At relevant times, Defendants K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), GUSTAVO NAJERA, and BORCHE KRSTEV exercised substantial control over the Plaintiff and other similarly situated employees' working conditions, including, but not limited to setting work hours, determining pay rates, and enforcing company policies. They also held authority over the policies and practices relating to the employment and compensation of the Plaintiff and all similarly situated individuals referred to herein.

38. Defendants K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), GUSTAVO NAJERA, and BORCHE KRSTEV jointly employed Plaintiff, and all similarly situated individuals, as evidenced by shared control over work schedules, pay rates, and employment policies. They are the Plaintiffs' and all similarly situated individuals' employers as defined by 29 USC 201 et seq. and the NJWHL, which stipulate that an employer is any individual acting directly or indirectly in the interest of an employer in relation to an employee.

39. Defendants K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), GUSTAVO NAJERA, and BORCHE KRSTEV constitute a single employer of the Plaintiff and/or similarly situated individuals. The business divisions between them are fictional or merely formal, as evidenced by shared HR functions, common management, interrelation of operations, and centralized control of labor relations, with GUSTAVO NAJERA and BORCHE KRSTEV exercising operational control over K&B CONTRACTORS LLC and making all significant decisions regarding employment, compensation, and working conditions.

40. At all times relevant hereto, Defendants K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), GUSTAVO NAJERA, and BORCHE KRSTEV were the

Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other applicable laws. Defendants K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION), GUSTAVO NAJERA, and BORCHE KRSTEV, as the Plaintiffs' employers, exercised their authority and control in various ways. They made hiring and firing decisions, as evidenced by employment contracts and termination letters. For instance, upon hiring CUMBICUS, NAJERA, and KRSTEV outlined the terms of his employment and controlled his work assignments and hours. This is substantiated by CUMBICUS's work schedules and the detailed job descriptions provided by NAJERA and KRSTEV. NAJERA and KRSTEV also determined the rate and method of the plaintiff's compensation, as shown in CUMBICUS's pay stubs and his wage agreement with NAJERA AND KRSTEV. Furthermore, Defendants actively supervised Plaintiffs' work schedules and employment conditions, including direct supervision and instructions given to CUMBICUS, as can be substantiated by testimonies from CUMBICUS and other employees, as well as email correspondence and memos.

41. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NJWHL requirements.

42. Defendants are willfully aware of and by law are charged with the knowledge that under the FLSA, they are required to pay employees performing non-exempt duties, including the Plaintiff and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week, as evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA.

43. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wages, including the lawfully required overtime compensation of one

and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek, as evidenced by the absence of proper payroll records, pay stubs, and time sheets, and by Defendants' systematic failure to maintain accurate records as required by law.

44. At all times during his employment by Defendants, Plaintiff was not exempt from overtime requirements under the Fair Labor Standards Act, 29 U.S.C. 213, or the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4, as he did not perform executive, administrative, or professional duties as defined by applicable regulations, and did not meet the salary basis test for any exemption.

45. Defendants failed to keep full and accurate records of Plaintiff’s hours and wages, as required by 29 U.S.C. 211(c) and 29 C.F.R. 516.2, as evidenced by the absence or incompleteness of timesheets and payroll records, and the systematic discrepancies between Plaintiff’s actual hours worked and the wages paid.

***Plaintiff SEGUNDO CUMBICUS***

46. Plaintiff SEGUNDO CUMBICUS was hired by Defendant K&B CONTRACTORS LLC (DBA NAJERA CONSTRUCTION) to work as a remodeler of school floors and ceilings, as well as a painter, and performed any other tasks that were assigned to him, including but not limited to demolition, installation, finishing work, and material handling, at its business located at 515 Mountain Ave, North Plainfield, NJ 07062, starting on or about February 26, 2025 until on or about October 27, 2025. During the hiring process, CUMBICUS was interviewed and given a job offer by Defendants GUSTAVO NAJERA and BORCHE KRSTEV. As a remodeler of school floors and ceilings, as well as a painter, CUMBICUS followed a work schedule set by NAJERA and

KRSTEV, received daily instructions from NAJERA and KRSTEV regarding his duties, and was subject to disciplinary actions taken by NAJERA and KRSTEV.

47. Plaintiff worked from February 26, 2025 through October 27, 2025. During this period, he did not receive any overtime pay despite regularly working approximately 60 hours per week, and in many weeks working up to 90 hours per week, with specific weeks and hours to be established through time records, witness testimony, and other evidence, as will be established through Plaintiff's testimony and other evidence. He was paid a fixed weekly salary of $1,200 regardless of hours worked, was not required to clock in or out, and received no overtime premium for hours worked in excess of 40 per week. This salary did not satisfy the salary basis test for any overtime exemption under 29 C.F.R. 541.602, as it was used to avoid paying overtime rather than as part of a bona fide exemption, and Plaintiff's duties were non-exempt manual labor.

48. At all relevant times, Defendants knew or showed reckless disregard for their FLSA obligations by failing to implement any time-keeping system whatsoever, thereby preventing accurate recording, documentation, and memorialization of Plaintiff's work hours. This failure violated 29 U.S.C. 211(c) and 29 C.F.R. 516.2, which require employers to make, keep, and preserve records of hours worked by each employee. This lack of time tracking mechanism not only made it impossible for Plaintiff to verify his hours of work but also enabled the Defendants to avoid paying him accurately for the hours worked.

49. From February 26, 2025, until October 27, 2025, Plaintiff was paid a fixed weekly salary of $1,200 (equivalent to a regular rate of $30 per hour based on a 40-hour workweek). Based on Plaintiff's work schedule of approximately 60 hours per week at minimum, and frequently up to 90 hours per week, including early morning starts, late

evening work, and weekend assignments, including early morning starts, late evening work, and weekend assignments, Plaintiff should have been paid $1,200 for the first 40 hours plus overtime compensation at $45 per hour (time and a half) for all hours over 40. Using the conservative estimate of 60 hours per week, this equals 20 overtime hours at $45 per hour, or $900 per week in overtime pay. The total unpaid overtime wages for the approximately 35-week period are estimated at not less than $31,500, subject to precise calculation upon discovery of Defendants' business records, if any exist, and further evidence including testimony regarding actual hours worked each week. Given Defendants' willful failure to maintain required time records in violation of 29 U.S.C. 211(c), Plaintiff is entitled to rely on reasonable inferences and estimates of hours worked, with the burden shifting to Defendants to negate the reasonableness of such estimates pursuant to Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) and its progeny.

50. Defendants willfully neglected to pay Plaintiff for the substantial amount of overtime hours worked beyond the standard forty (40) hours per week.

51. Defendants willfully did not provide Plaintiff, as required by the Fair Labor Standards Act (FLSA) and New Jersey Wage and Hour Law, with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of his rate of pay, employer’s regular payday, and such other information as required by 29 C.F.R. 516.2-516.6 and N.J.S.A. 34:11-4.7.

**Defendants’ General Employment Practices**

52. As part of their regular business practices, Defendants willfully and intentionally required Plaintiff and similarly situated employees to work without paying the proper overtime wages required by law.

53. As part of their regular business practice, Defendants willfully disregarded

and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by intentionally failing to maintain accurate and complete timesheets and payroll records.

54. By willfully and intentionally employing this practice, Defendants avoided paying the Plaintiff at the overtime rate of time and a half for all of their hours worked in excess of forty (40) hours per week.

55. Defendants willfully and intentionally failed to fulfill their statutory obligations by not posting the required wage and hour posters. They also did not provide the Plaintiff with statutorily required wage and hour records or statements of pay received. This was done to conceal their violations of wage and hour laws, and to exploit the Plaintiff's relative lack of knowledge of these laws.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) his full hours worked, (2) for overtime due.

57. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before January of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on

**behalf of the Plaintiff and the FLSA Collective]**

58. Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

59. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

60. At all times relevant to this action, upon information and belief, Defendants' annual gross volume of sales or business done exceeded $500,000, thereby satisfying the enterprise coverage requirements of 29 U.S.C. 203(s)(1)(A)(i), thereby establishing individual coverage under the FLSA.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed. 29 U.S.C. 207(a)(1).

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

63. Defendants' willful and intentional failure to pay Plaintiff and the putative FLSA Collective members their overtime pay violated the overtime provisions of the FLSA,

specifically 29 U.S.C. § 207(a).

64. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

65. The FLSA and supporting regulations require employers to notify employees of employment law requirements, including posting notices explaining the FLSA's provisions. 29 C.F.R. 516.4 and 29 U.S.C. 211.

66. Defendants willfully and knowingly failed to notify Plaintiff and FLSA Collective members of the FLSA's provisions and their rights under the statute.

67. Throughout the relevant time period, Plaintiff and the putative FLSA collective members worked in excess of forty (40) hours per workweek.

68. At all relevant times throughout their employment, Defendants operated under a policy of willfully and intentionally failing and refusing to pay the Plaintiffs and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

69. At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

70. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. 255(a), as Defendants knew or showed reckless disregard for whether their conduct violated the FLSA, as demonstrated by their complete failure to implement any timekeeping system, failure to post required notices, failure to provide wage statements, payment of a fixed salary regardless of hours worked, and systematic practice of requiring employees to work substantial overtime without compensation.

71. Defendants, in violation of the FLSA, failed to pay Plaintiff CUMBICUS the overtime wages required by law.

72. Defendants willfully and intentionally failed to satisfy the FLSA's recordkeeping requirements.

73. Defendants acted willfully and knowingly in their violations of the FLSA's requirements.

74. Plaintiff and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper damages in an amount to be determined at trial.

**COUNT II.**
**[Violation of New Jersey Labor Law—Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]**

75. Plaintiff, on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

76. At all relevant times, Defendants, who had hired the Plaintiff, established his work schedules, provided daily work orders, and had the power to discipline and terminate

him, had a policy and practice of willfully and knowingly refusing to pay the overtime compensation to the Plaintiff at one and one-half times the hourly rate to which the Plaintiff and the class are entitled.

77. Defendants' willful and intentional failure to pay Plaintiff, despite their control over their work conditions and schedules, was not in good faith.

78. By reason of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief: Authorizing the Plaintiff at the earliest possible time to all persons who are presently, or have been at any time during the three years preceding the filing of this complaint through the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees in positions similar to Plaintiff's, including but not limited to remodelers, painters, construction workers, and laborers in positions similar to Plaintiff's, including but not limited to remodelers, painters, construction workers, and laborers. Such notice shall inform them that the civil action has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

a) Certification of this case as a collective action pursuant to FLSA;

b) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and appointing Plaintiff and his counsel to represent the Collective Action Members;

c) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

d) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

e) An award of unpaid overtime wages due under FLSA and NJWHL plus compensatory and liquidated damages;

f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the overtime compensation pursuant to 29 U.S.C. §216;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the NJWHL;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment interest; and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: November 20, 2025

By: ______________________

Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*